UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. __15-MJ-382 (JSM)__

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      **MOTION TO SEAL**

ZACHARY LEE MORGENSTERN,

    Defendant,

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Timothy C. Rank, Assistant United States Attorney, respectfully submits its motion to seal the Complaint and all subsequent documents in the above-entitled case until the defendant's initial appearance on the complaint or further order of the Court.

    1. On May 11, 2015, this Court authorized a Complaint charging the above-named defendant with two counts of Threats To Use Explosives in violation of Title 18, United States Code, Section 844(e); Making Threatening Communications in violation of Title 18, United States Code, Section 875(c); and False Information and Hoaxes – Threats To Use Firearms in violation of Title 18, United States Code, Sections 1038(a)(1) and 2. The Complaint Affidavit of Glenn Moule is incorporated by reference.

    2. In every case, a defendant's prior knowledge that law enforcement has a warrant for his arrest creates a likely danger for the law enforcement officers attempting to execute that warrant. In addition, in this case, the defendant is a sophisticated


SCANNED
MAY 12 2015
U.S. DISTRICT COURT MPLS

computer user – indeed, he is a self-described "hacker." The investigation into this case has revealed that the defendant has utilized numerous sophisticated methods to conceal his crimes, including the use of proxies and false email addresses. There is reason to believe that defendant would destroy evidence of his crimes if the complaint were made public. Electronic data can be destroyed with a click of a mouse, and there is reason to believe that, as a sophisticated user, defendant may have a plan for quickly destroying or encrypting his data.

3. The Court's power to prevent disclosure of its files, especially for a limited period of time, is well established. This general power was recently reaffirmed by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).

4. The Eighth Circuit has recognized the Court's specific power to restrict access to search warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

5. The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of court documents. For example, the Eighth Circuit has approved sealing search warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved," resulting in "substantial probability that the government's ongoing investigation would be severely compromised if the sealed documents were released." *Id.* at 574.

6. In addition to the cases cited above, the Court's power to grant the Government's Petition is, in this case, also supported by the All Writ's Act, 28 U.S.C. § 16519(a). See United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977).

7. The United States, therefore, respectfully requests this Court to issue an Order Sealing the Complaint, information sheet, Affidavit of Glenn Moule, the warrant, this Petition, Sealing Order, and all other documents associated with this case until the defendant's initial appearance on the complaint or further order of the Court.

Dated: May 11, 2015

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

BY: TIMOTHY C. RANK
Assistant U.S. Attorney
Attorney ID No. 245392